UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>　　　v.<br><br>JOSEPH SCHMIDT,<br>　　　　Defendant. | :<br>:<br>:<br>:　File No. 1:07-cr-84-jgm-1<br>:<br>:<br>:<br>: |

RULING ON MOTION TO DISMISS
(Doc. 31)

I.　Introduction

　　　Joseph Schmidt, a federal inmate proceeding pro se, has moved under Federal Rule of Criminal Procedure 12(b)(2) to dismiss an indictment (Doc. 1) under which he pleaded guilty to using a computer to entice a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b) and transferring obscene materials to a minor in violation of 18 U.S.C. § 1470.  (Doc. 35.)  Schmidt asserts a number of claims, including:  actual innocence; "jurisdictional defects"; multiple claims of ineffective assistance of counsel, in violation of the Sixth Amendment to the United States Constitution; and sentencing in violation of due process because he lacked competency.  The government opposes the motion on the single ground that Schmidt's motion is untimely because a Rule 12 motion must be made before trial.  (Doc. 34.)  Schmidt filed a reply in which he asserts the Court could consider his motion under Federal Rule of Civil Procedure 60 or could reconstrue his motion to dismiss as a motion under 28 U.S.C. § 2255.  (Doc. 37)  Schmidt also requests legal counsel be appointed.  (Doc. 31 at 40.)

　　　On January 30, 2008, Joseph Schmidt pleaded guilty under a two-count indictment to using a computer to entice a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b) and transfer of obscene materials to a minor in violation of 18 U.S.C. § 1470.  (Dkt. Entry No. 16.)  On

January 15, 2010, Schmidt was sentenced to a term of imprisonment of 120 months. (Doc. 25.) Schmidt did not appeal either his conviction or his sentence.

II.     Discussion

At the outset, the Court notes Schmidt is a pro se litigant. As such, his submissions are held "to less stringent standards than formal pleadings drafted by lawyers." Hugues v. Rowe, 449 U.S. 5, 9 (1980) (citation omitted). Accordingly, a court must "read the pleadings of a pro se plaintiff liberally and interpret them to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks and citation omitted). Nonetheless, a pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983).

Schmidt's motion is titled " Motion to Dismiss Indictment." (Doc. 31.) The government is correct in its singular point that generally a motion to dismiss an indictment is a motion to be made before trial. Fed. R. Crim. P. 12(b)(3)(B).[1] The motion, however, raises claims beyond a stale challenge to the indictment. "It is routine for courts to construe prisoner petitions without regard to labeling in determining what, if any, relief the particular petitioner is entitled to." Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997). As Schmidt is a pro se litigant, his filings must be read liberally and interpreted to raise the strongest arguments they suggest.

In reply, Schmidt invokes two additional bases for the relief he seeks in his motion: Federal Rule of Civil Procedure 60 and Section 2255 of Title 28 of the United States Code. The Court notes Federal Rule of Civil Procedure 60 pertains to civil actions and may not be used to attack an underlying criminal conviction. Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004). Secondly,

---

[1] Rule 12(b)(3)(B) also states "at any time while the case is pending, the court may hear a claim that the indictment . . . fails to invoke the court's jurisdiction or to state an offense."

Rule 60(b)(3) has a time limitation requiring filing within one year after entry of the judgment or the date of the proceeding. Fed. R. Civ. P. 60(C)(1). Schmidt submitted his motion over two years after his judgment became final. Consequently, and assuming Rule 60(b) is an appropriate vehicle for relief, such a motion would be untimely.

Under Section 2255 of Title 28 of the United States Code, a federal prisoner may move the sentencing court to vacate, set aside, or correct the sentence on the ground that such sentence was illegally imposed. 28 U.S.C. § 2255(a). A collateral attack on a final judgment in a criminal case under 28 U.S.C. § 2255 is only available "for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (internal quotation marks and citation omitted). Defendants are generally required to pursue and exhaust a direct appeal before bringing a motion under § 2255 because a collateral attack is not a substitute for direct appeal. United States v. Vilar, 645 F.3d 543, 548 (2d Cir. 2011). Additionally, the motion must generally be brought within one year of the judgment of conviction becoming final. 28 U.S.C. § 2255(f).

Schmidt's motion is brought more than one year after his judgment became final, however, he argues he is eligible for tolling of the statute of limitations because his claims involve ineffective assistance of counsel. (Doc. 37 at 3-4.) He requests the Court order him to "resubmit his motion as a § 2255 motion addressing the ineffective assistance of counsel at the plea stage of his case." Id. at 4. If a district court chooses to construe a motion as a § 2255 filing, it should give the movant the opportunity to either agree to the recharacterization, or withdraw the motion given the strict limitations on a second or successive appeal. See 28 U.S.C. § 2255(h). Here, where Schmidt specifically requests the Court construe his motion as a § 2255 filing, the Court presumes Schmidt

3

agrees to the recharacterization. Schmidt, however, also requests the Court order him to resubmit his motion as a § 2255 filing. Accordingly, the Court denies Schmidt's motion to dismiss and orders Schmidt may file a § 2255 petition. The Court notes the motion must substantially follow the federal form appended to the Rules Governing Section 2255 Proceedings for the United States District Courts. This procedure will also allow the government to respond substantively to the claims Schmidt raises once a § 2255 filing is made. Accordingly, the motion to dismiss is denied. Schmidt may submit a § 2255 motion on or before April 15, 2013.

Schmidt also requests appointment of legal counsel. (Doc. 31 at 40.) The Court notes there is no constitutional right to appointed counsel when a person convicted of a crime brings a "collateral attack" upon his conviction or sentence. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Just as in any civil case, the decision as to whether or not to assign counsel lies clearly within the Court's discretion. In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). Assuming Schmidt can show he is sufficiently indigent, the factors to be considered by the Court include whether: (1) the indigent's claims seem likely to be of substance; (2) the indigent is able to investigate the crucial facts concerning his claim(s); (3) conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) the legal issues involved are complex; and, (5) there are any special reasons why appointment of legal counsel would be more likely to lead to a just determination. Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) (citing Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986)). At this stage in the proceeding, Schmidt's request for appointment of legal counsel is denied.

III.    Conclusion

Defendant's motion to dismiss indictment (Doc. 31) is DENIED. Schmidt may file a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence on or before April 15,

4

2013. The Court respectfully requests the Clerk's office include the motion form with the copy of this order to be sent to Schmidt. Should Schmidt file a § 2255 motion, the government shall respond to the filing within thirty days and Schmidt must file any reply within thirty days after the government's response is filed. Schmidt's request for appointment of legal counsel is also denied at this time.

    SO ORDERED.

    Dated at Brattleboro, in the District of Vermont, this 15th day of March, 2013.

    /s/ J. Garvan Murtha
    Honorable J. Garvan Murtha
    United States District Judge